**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHARLES E. THOMAS,                    )<br>                                                         )<br>                    Plaintiff,           )<br>        vs.                                         )           No. 1:11-cv-01052-JMS-TAB<br>                                                         )<br>CORRECTIONAL MEDICAL         )<br>  SERVICES, et al.,                         )<br>                                                         )<br>                    Defendants.      ) | |

**Entry Dismissing Legally Insufficient Claim
and Directing Further Proceedings**

For the reasons explained in this Entry, the legally insufficient claim asserted in the complaint filed by Charles E. Thomas is **dismissed**, while other claims will **proceed** as directed, all consistent with the following:

1. Thomas is an inmate at the Putnamville Correctional Facility ("Putnamville"). Thomas alleges that from June 17, 2010, to July 1, 2010, he was placed in a maximum security unit at Putnamville and that during such time he was not given food to take along with his medications, contrary to his doctor's orders. Thomas seeks injunctive relief and money damages for this "life threatening situation."

2. Because Thomas is a prisoner, the complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

3. Thomas' claim is asserted pursuant to 42 U.S.C. § 1983. The claim against Correctional Medical Services ("CMS") is dismissed as legally insufficient because CMS is a corporation, and a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). No claim of a corporate policy or practice violative of the Eighth Amendment is present in Thomas' complaint.

      4.      No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

      5.      The clerk is designated, pursuant to Fed. R. Civ. P. 4(c)(3), to issue and serve process on the defendant individuals in the manner specified by Fed. R. Civ. P. 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 02/09/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles E. Thomas
DOC 864654
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Carey Harris
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Dr. O'Brian
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135